UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



----------------------------------------------------------------X

JOHN REDA and CHRISTINE REDA

Plaintiffs,

-against-

ALLSTATE INDEMNITY COMPANY

Defendant.

----------------------------------------------------------------X

**JUDGE ROBINSON**

Docket #:

**PLAINTIFFS DEMAND
TRIAL BY JURY**

**COMPLAINT**

The Plaintiffs, JOHN REDA and CHRISTINE REDA, by their attorneys, ABRAHAM, LERNER & ARNOLD, LLP, as and for their Complaint, allege upon information and belief as follows:

### THE PARTIES

1.    At all times hereinafter mentioned, plaintiff JOHN REDA was and still is an individual over the age of eighteen (18), and a resident and citizen of the State of New York, County of Dutchess.

2.    At all times hereinafter mentioned, plaintiff CHRISTINE REDA (together with JOHN REDA collectively referred to as "plaintiffs") was and still is an individual over the age of eighteen (18), and a resident and citizen of the State of New York, County of Dutchess.

3.    At all times hereinafter mentioned, defendant ALLSTATE INDEMNITY COMPANY ("defendant") was and still is a foreign corporation, organized and existing under and by virtue of the laws of the State of Illinois, with its principal place of business in the State of Illinois.

4.    At all times hereinafter mentioned defendant was authorized by the Superintendent of

Insurance to issue policies of insurance in the State of New York, including the policy issued to plaintiffs herein.

## JURISDICTION

5.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between the plaintiffs and the defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## VENUE

6.    The venue of this matter is proper in this district under 28 U.S.C. §1391(a)(2) because the events giving rise to plaintiff's claim took place in the Southern District of New York, and the property that is the subject of this action is located there.

## BACKGROUND FACTS RELEVANT TO ALL CAUSES OF ACTION

7.    At all times hereinafter mentioned plaintiffs were the title owners of the premises located at 625 Route 292 Holmes, New York (hereinafter referred to as "the subject premises").

8.    Prior to January 22, 2008, for good and valuable consideration, defendant issued to plaintiffs a policy of insurance bearing number 9 13 285898 04/21 (the "policy"), which policy insured the subject premises and plaintiffs' personal property maintained at the subject premises against loss sustained by fire and its effects.  Additionally, the policy provided coverage for reimbursement to plaintiffs for any additional living expenses they incurred in the event the subject premises were rendered uninhabitable as the result of a covered loss.

9.    At all times hereinafter mentioned, plaintiffs maintained an insurable interest in the subject premises and the personal property maintained therein.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
292 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

10.    On January 22, 2008, while the aforementioned policy was in full force and effect, the subject premises, together with plaintiffs' personal property maintained therein, were extensively damaged by fire and its effects.

11.    Subsequent to the January 22, 2008 fire, plaintiffs submitted a claim to defendant seeking to be indemnified for the damages sustained to the subject premises and their personal property maintained therein as a result of the covered peril.

12.    On March 4, 2008, plaintiffs submitted their estimate for the cost to repair and replace the damages sustained to the subject premises in the amount of $387,309.00 to defendant.

13.    By letter dated March 18, 2008, defendant demanded appraisal with respect to the plaintiffs' claim for damages sustained to the subject premises as a result of the fire, designating Victor Cusano of Prism General Services as its appraiser.

14.    Thereafter, and by letter dated March 20, 2008, plaintiffs designated Al Yorizzo of J-Con, Inc. as their appraiser.

15.    On April 1, 2008, defendant issued a check to plaintiffs in the amount of $224,571.71, representing the actual cash value of the damages sustained to the subject premises as a result of the fire as calculated by defendant.

16.    On August 22, 2008, defendant's appraiser executed an Appraisal Award with respect to the damages sustained to the subject premises as a result of the fire with a replacement

cost of $292,042.63 and an actual cash value of $259,246.55.

17.    On August 26, 2008, plaintiffs' appraiser executed the Appraisal Award, making it binding on all parties in accordance with the terms and conditions of the Policy.

18.    The Policy provides that defendant will issue payment to plaintiff within sixty (60) days "after the amount of loss is finally determined.  This amount may be determined by an agreement between you and us, an appraisal award, or a court judgment."

19.    Defendant failed to make payment to plaintiffs of the balance of the actual cash value of the damages sustained to the subject premises within sixty (60) days of the appraisal award.

20.    On January 22, 2009, defendant terminated payments to plaintiffs for additional living expenses they incurred as a result of the fire.

21.    By letter dated April 16, 2009, defendant denied coverage to plaintiffs for the damages sustained to their personal property as a result of the fire.

22.    On May 22, 2009, defendant issued payment to plaintiffs for the balance of the actual cash value of the damages sustained to the subject premises as determined by the appraisal award.

23.    Defendant terminated plaintiffs' additional living expense benefits under the policy

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
292 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

29.    Plaintiffs have complied with all of the conditions precedent to payment set forth in the policy of insurance.

30.    Defendant has failed and refused to indemnify plaintiffs for the damages sustained to their personal property, despite the fact that same has been duly demanded.

31.    Defendant's failure to indemnify plaintiffs for the damages sustained to their personal property constitutes a breach of contract.

32.    As a result of defendant's breach of contract, plaintiffs have been damaged in the sum of at least $219,100.00, with the precise amount to be determined at the trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Breach of Contract)

33.    Plaintiffs repeat, reiterate and reallege each and every allegation set forth in preceding paragraphs numbered "1" through "32," inclusive, with the same force and effect as though more fully set forth herein at length.

34.    On January 22, 2008, while the aforementioned policy was in full force and effect, the subject premises were rendered uninhabitable by a fire and its effects.

35.    Subsequent to the loss of January 22, 2008, plaintiffs submitted a claim to defendant seeking to be indemnified for the additional living expenses they incurred as a result of the fire and its effects.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
292 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

(a)   By failing to objectively and thoroughly investigate plaintiffs' claim;

(b)   By failing to fairly and objectively determine the true amount of damages sustained to the subject premises by virtue of the fire;

(c)   By failing to fairly and objectively investigate plaintiffs' claim for damages sustained to their personal property by virtue of the fire;

(d)   By wrongfully denying coverage to plaintiffs for the damages sustained to their personal property by virtue of the fire;

(e)   By attempting to have plaintiffs accept a low-ball settlement for the damages sustained to the subject premises, knowing full well that the actual damages sustained to these premises were far in excess of the initial amounts offered by the defendant;

(f)   By unreasonably delaying the adjustment and payment of the plaintiffs' claim;

(g)   By failing and refusing to provide plaintiffs with monies to make the necessary repairs to the subject premises within a reasonable period of time, thus requiring plaintiffs to incur additional living expenses for a period beyond that provided for in the policy;

(g)   By failing to issue payment to plaintiffs within the time period set forth in the policy;

(h)   By failing to investigate the totality of the circumstances surrounding the plaintiffs' claim, so that an objective and well-reasoned decision could be reached in a timely and reasonable manner; and

(i)   By willfully and in bad faith ignoring the clear language of the policy provisions and the factual circumstances so as to fail to adjust and settle plaintiffs' claims in a timely and just manner.

43.   In addition to compensatory damages, plaintiffs have incurred, and continue to incur, consequential damages as a direct result of defendant's breach of the implied covenant of good faith and fair dealing.

ABRAHAM, LERNER
& ARNOLD, LLP
ATTORNEYS AT LAW
392 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10017

44.     The aforementioned consequential damages were reasonably foreseeable by defendant at the time its policy was issued to plaintiffs.

45.     As a result of defendant's breach of the covenant of good faith and fair dealing, plaintiffs have been damaged in the sum of at least $1,000,000.00, with the precise amount to be determined at the trial of this action.

WHEREFORE, plaintiffs demand judgment against defendant: (1) on their First Cause of Action for breach of contract in the sum of at least $219,100.00, with the precise amount to be determined at the trial of this action; (2) on their Second Cause of Action for breach of contract in the sum of at least $50,000.00, with the precise amount to be determined at the trial of this action; and (3) on the Third Cause of Action for breach of the implied covenant of good faith and fair dealing in the sum of at least $1,000,000.00, with the precise amount to be determined at the trial of this action, with interest thereon from January 22, 2008, altogether with the costs and disbursements of this action, including reasonable attorney's fees.

Dated:      New York, New York
            September 8, 2009

                                        Yours, etc.

                                        ABRAHAM, LERNER & ARNOLD, LLP
                                        Attorneys for Plaintiffs

                                        By_____
                                              Jonathan D. Abraham (4317)
                                        292 Madison Avenue, 22nd Floor
                                        New York, New York 10017
                                        (212) 686-4655